UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BILL LIETZKE,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>REESE McKINNEY, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 2:13-cv-01023-JCM-GWF<br><br>ORDER |

Presently before the court are Magistrate Judge Foley's report and recommendation. (Doc. # 4). *Pro se* plaintiff Bill Lietzke has not filed an objection and the deadline to do so has passed.

Also before the court are plaintiff Bill Lietzke's motion for leave to proceed *in forma pauperis* (doc. # 5) and motion for waiving service of summons (doc. # 7).

**I.　Background**

This matter commenced on June 10, 2013, with the filing of plaintiff Lietzke's complaint and motion/application to proceed *in forma pauperis*. (Doc. # 1). The court granted plaintiff's motion to proceed *in forma pauperis* and also dismissed the complaint, without prejudice, for jurisdictional deficiencies. The court ordered plaintiff to file an amended complaint by January 5, 2014. Notice was mailed to plaintiff on December 9, 2013.

On September 12, 2014, the magistrate judge submitted a report and recommendation that plaintiff's complaint be dismissed with prejudice. Plaintiff had failed to file an amended complaint as instructed by the court, and more than nine months had elapsed since the deadline. Plaintiff did not file any objections to the report and recommendation.

On October 15, 2014, plaintiff suddenly filed two new motions – one to proceed *in forma pauperis*, and one to waive service of summons. (Docs. ## 5, 7). Plaintiff also filed an amended complaint. (Doc. # 6).

**II.     Discussion**

*a. Plaintiff's amended complaint  (doc. # 6)*

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course within 21 days after serving it, or with written consent from the opposing party or with the court's leave. Fed. R. Civ. P. 15(a).

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted Rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained: "In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.  The local rules of federal practice in the District of Nevada require that a party submit a proposed, amended pleading along with a motion to amend. D. Nev. R. 15-1(a).

Here, plaintiff far exceeded the 21-day amendment window provided by Rule 15. Plaintiff filed his untimely amended complaint (doc. # 6) more than nine months after the magistrate judge's January 5, 2014 deadline.

Plaintiff did not request or attain written consent from the opposing party, or leave from the court to amend his complaint.  Instead, plaintiff merely submitted an amended complaint more than nine months after the initial deadline provided by the court.  Though leave to amend "shall be freely given when justice so requires," the plaintiff's ten month delay and failure to respond to court orders and requests for objections demonstrate undue delay and potential dilatory motive.  Therefore, plaintiff's filing of his amended complaint is procedurally improper and should be struck.

Additionally, even if plaintiff's filing of his amended complaint was procedurally proper, the court, construing *pro se* plaintiff's complaint liberally, finds that the amended complaint fails to cure jurisdictional deficiencies. Therefore, the court strikes plaintiff's amended complaint (doc. # 6) and considers the magistrate judge's report and recommendation (doc. # 4).

*b.   The magistrate judge's report and recommendation (doc. # 4).*

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. This matter commenced on June 10, 2013, with the filing of plaintiff Lietzke's complaint and motion/application to proceed *in forma pauperis*. (Doc. # 1). The court granted plaintiff's motion to proceed *in forma pauperis* and also dismissed the complaint, without prejudice, for jurisdictional deficiencies. The court ordered plaintiff to file an amended complaint by January 5, 2014.

Fed. R. Civ. P. 41(b) allows the court discretion to dismiss an action with prejudice if the plaintiff fails to prosecute or to comply with the rules or a court order. The court's December 9, 2013 order (doc. # 2) granted plaintiff until January 5, 2014 to file an amended complaint. Notice was mailed to plaintiff on December 9, 2013. More than ten months have elapsed since the order was mailed. Plaintiff did not file an amended complaint in a timely manner and plaintiff's amended complaint submitted October 15, 2014 has been struck by the court.

Upon reviewing the recommendation and underlying briefs, and in light of plaintiff's failure to object, this court finds good cause appears to ADOPT the magistrate's findings in full.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's amended complaint (doc. # 6) be struck.

IT IS FURTHER ORDERED that Magistrate Judge Foley's report and recommendation (doc. # 4) be ADOPTED in full.

IT IS FURTHER ORDERED that plaintiff's initial complaint (doc. #1) be DISMISSED with prejudice. The clerk is instructed to enter judgment accordingly and close the case.

IT IS FURTHER ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (doc. # 5) and motion for waiving service of summons (doc. # 7) be DENIED as moot.

DATED THIS 23rd day of October 2014.

JAMES C. MAHAN  
UNITED STATES DISTRICT JUDGE

4